Filed 2/27/23  P. v. Tionson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C096985 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CR-FE-1991-0005809) |
| v. | |
| LARRY LAWRENCE TIONSON, | |
| Defendant and Appellant. | |

In 1991, a jury found defendant Larry Lawrence Tionson guilty of first degree murder and found that he personally used a firearm to kill the victim.  The trial court sentenced defendant to 25 years to life for murder, plus a consecutive four-year term for the firearm use.  In January 2022, defendant filed a petition for resentencing under Penal

1

Code[1] section 1172.6.[2] The trial court denied defendant's petition in September 2022, finding defendant failed to make a prima facie showing for relief.

On appeal, defense counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, asking this court to review the record for error. Counsel advised defendant of his right to file a supplemental brief within 30 days from the date the opening brief was filed. Defendant did not file a supplemental brief.

The California Supreme Court recently decided *People v. Delgadillo* (2022) 14 Cal.5th 216, holding that an appeal from the denial of postconviction relief under section 1172.6 does not implicate a constitutional right to counsel, and thus the procedures set out in *Anders v. California* (1967) 368 U.S. 738 and *People v. Wende*, *supra*, 25 Cal.3d 436 do not apply. (*Delgadillo*, at p. 366.) However, as did the court in *Delgadillo*, we elect to independently review the record in the interest of judicial economy. (*Id.* at p. 371.) Having done so, we affirm the trial court's order.

FACTUAL AND PROCEDURAL BACKGROUND

A detailed recitation of the underlying facts is unnecessary for this appeal. It suffices to say that, after defendant learned that Jesus Estrada had sideswiped defendant's car, defendant left a house party and shot Estrada three times at close range with a nine-millimeter handgun, killing him instantly. Defendant then returned to the party.

A jury found defendant guilty of first degree murder (§ 1987) and found true that he personally used a firearm (§ 12022.5). The trial court sentenced defendant to 29 years to life in prison, consisting of 25 years to life for first degree murder and four years

---

[1] Undesignated statutory references are to the Penal Code.

[2] Effective June 30, 2022, the Legislature renumbered former section 1170.95 as section 1172.6 (Stats. 2022, ch. 58, § 10), with no change to the text of the statute. (*People v. Garcia* (2022) 82 Cal.App.5th 956, 960, fn. 2.) Defendant filed his petition under former section 1170.95; however, we will refer to the relevant statute by its current section number.

consecutive for personal use of a firearm. We affirmed the judgment on appeal. (*People v. Tionson* (Oct. 15, 1992, C011655) [nonpub. opn.].)

In January 2022, defendant filed a petition for resentencing under section 1172.6, asserting that he was convicted of first degree murder and a complaint, information or indictment had been filed against him that allowed the prosecution to proceed under a theory of malice imputed based on his participation in a crime. The trial court appointed counsel for defendant.

The People opposed the petition, arguing that defendant was ineligible for relief, because he was the actual killer as evidenced by his conviction for first degree murder with personal use of a firearm. Thus, defendant was not convicted of felony murder or murder under a natural and probable consequences theory. As the actual killer, defendant could be convicted of first degree murder despite the changes to sections 188 and 189.

At a September 2022 hearing, the trial court denied defendant's petition, noting that defendant had no codefendants and there were no felony murder or natural probable consequences allegations. Defendant filed a timely notice of appeal; the case was fully briefed on January 9, 2023, and assigned to this panel shortly thereafter.

## DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437), effective January 1, 2019, "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f).)

As amended, section 188 defining malice provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.)

3

Section 189, subdivision (e) as amended limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)

Senate Bill No. 1437 also added former section 1170.95 (now section 1172.6) (Stats. 2018, ch. 1015, § 4), which allows those convicted of felony murder or murder under the natural and probable consequences theory to petition the trial court to vacate the conviction and resentence the defendant. (§ 1172.6, subd. (a).) "If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

Effective January 1, 2022, Senate Bill No. 775 (2020-2021 Reg. Sess.) (Stats. 2021, ch. 551, § 2) further amended section 1172.6, inter alia, to broaden "the pool of eligible petitioners by allowing a resentencing petition to be filed by any person 'convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime.' " (*People v. Vizcarra* (2022) 84 Cal.App.5th 377, 388.)

The prima facie inquiry under section 1172.6 subdivision (c) is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid*.)

4

Although the trial court may rely on the record of conviction (including a prior appellate court opinion) in determining whether defendant has made a prima facie showing, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.)

Here, we agree with the trial court that defendant has failed to make the requisite prima facie showing of entitlement to relief under section 1172.6. To be eligible for relief, a petitioner must have been convicted of murder or attempted murder under a felony murder or natural and probable consequences theory, or another theory of imputed malice. (§ 1172.6, subd. (a).) The record of conviction in this case reflects that defendant was not convicted under any such theory but instead as the actual killer. The jury was instructed that first degree murder is a willful, deliberate and premeditated killing with express malice and that express malice is a manifested intention to kill a human being. As instructed, in finding defendant guilty of first degree murder, the jury determined that he was the actual killer. The jury's finding that defendant personally used a firearm further confirms that he was convicted as the actual killer. The record of conviction conclusively established that defendant's petition was meritless. (See *People v. Harden* (2022) 81 Cal.App.5th 45, 56 [petition for resentencing may be summarily denied when, without weighing conflicting evidence or making credibility determinations, the record of conviction irrefutably establishes as a matter of law that the jury determined the defendant was the actual killer].)

Given that we have independently reviewed the record and found defendant ineligible for resentencing as a matter of law, we affirm the trial court's order denying defendant relief.

DISPOSITION

The order denying defendant's section 1172.6 petition for resentencing is affirmed.

                                        /s/
                                 Duarte, Acting P. J.

We concur:

    /s/
Krause, J.


    /s/
McAdam, J.*

---

* Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.